# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KENNETH B. QUANSAH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JUSTICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-08006-BLF<br><br>**ORDER DISMISSING THE CASE WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 8] |

This is a civil rights action brought by *pro se* Plaintiff Kenneth B. Quansah against several employees of the United States District Court for the Northern District of California and the Ninth Circuit Court of Appeals.[1] The Court granted the United States *amicus curiae* status in this case to assert its independent interest in the impact of this litigation. ECF 7; 28 U.S.C. § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States."). The United States filed an *amicus curiae* brief in support of dismissal without leave to amend. Brief for United States in Support of Dismissal ("U.S. Br."), ECF 8. The United States asserts that Defendants have not been properly served, but nevertheless requests that the case be dismissed with prejudice and without leave to amend. *Id.* at 2. Plaintiff has filed no opposition or response.

The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and VACATES the April 30, 2020 hearing. For the reasons discussed below, the Court DISMISSES Plaintiff's claims WITHOUT LEAVE TO AMEND.

---

[1] While the Justice Department is a named Defendant in the Complaint, Plaintiff also states that "[t]he Justice Department is not sued in this complaint." Compl. at 2 (¶ 6).

## I. BACKGROUND

The Complaint names as Defendants (1) three Ninth Circuit Court of Appeals employees: Molly C. Dwyer (Clerk), Cyntharee K. Powells (Deputy Clerk), and Monica Fernandez (Motions Attorney Deputy Clerk) and (2) three Northern District of California District Court employees: Richard W. Wieking (Clerk), Elizabeth Garcia (Deputy Clerk), and Cynthia Hernandez (Case Systems Administrator) (collectively, "Defendants"). Compl., ECF 1.

On December 23, 2013, Plaintiff filed *Quansah v. Soc. Sec. and Disability Admin., Comm'r et al.*, No. 13-cv-5940 EJD in the United States District Court for the Northern District of California. His case was dismissed in part on May 28, 2014, and in full on June 27, 2014. *See id.* ECF 23, ECF 26. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit on June 25, 2014. *See id.* ECF 25. Plaintiff's appeal was dismissed on August 19, 2014. *See id.* ECF 28. Plaintiff seeks relief against Defendants in their individual capacities for their actions in "issu[ing] orders and judgments" in his District Court case (Case No. 13-cv-05940-EJD) and the subsequent appeal to the Ninth Circuit (Case No. 14-16223). Compl. at 2 (¶ 5).

Plaintiff alleges, *inter alia*, violations of 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, negligence, and intentional infliction of emotional distress. *See generally* Compl. Plaintiff seeks millions of dollars from each Defendant in damages. *See* Compl. at 5 (¶¶ 6-13).

## II. DISCUSSION

The United States presents three grounds for dismissal: (1) Defendants have absolute quasi-judicial immunity; (2) Plaintiff's claims are beyond the statute of limitations; and (3) Plaintiff's claims are implausible. *See generally* U.S. Br. The Court addresses each argument in turn.

### A. Immunity

First, Defendants, as Federal Court personnel, "enjoy absolute quasi-judicial immunity where, as here, the alleged wrongdoing stems from the performance of their official duties." *Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *5 (N.D. Cal. Dec. 20, 2013); *see also Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)

("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.")

Plaintiff's sole factual allegation against Defendants is that they "issued orders and judgments" – tasks that are inherently "an integral part" of the judicial process. *See* Compl. at 2 (¶ 5); *Mullis*, 828 F.2d at 1390. Thus, the Court concludes that Defendants are entitled to quasi-judicial immunity.

### B. Statute of Limitations

Second, Plaintiff cannot state a claim because the statute of limitations has expired. Plaintiff alleges that Defendants violated his civil rights[2] and caused him personal injuries. *See* Compl. at 3-4. But Plaintiff's claims exceed the two-year statute of limitations for such claims. *See* Cal. Civ. Proc. Code § 335.1; *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (noting that starting in 2003, personal injury actions in California must be brought within two years after the cause of action arose); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (applying the statute of limitations of the forum state to *Bivens* actions); *Forsythe v. U.S.*, 502 F. App'x 689, 692 (9th Cir. 2012) (applying the California two-year statute of limitations for personal injury actions under Cal. Civ. Proc. Code § 335.1 to *Bivens* actions).

Plaintiff's sole factual allegation against Defendants is that they "issued orders and judgments." *See* Compl. at 2 (¶ 5). No orders or judgments were issued by the District Court or the Ninth Circuit after August 2014. *See Quansah v. Soc. Sec. and Disability Admin., Comm'r et al.*, No. 12-cv-5940 EJD (N.D. Cal.); *Kenneth Quansah, Jr. v. Social Security and Disability, et al.*; No. 14-16223 (9th Cir.). Because more than two years have passed since any orders or judgments were issued by either court, the statute of limitations has expired on Plaintiff's claims related to those cases. Thus, Plaintiff's claims are time-barred.

---

[2] Plaintiff cites 42 U.S.C. § 1983, which is not applicable to federal actors. In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citation and internal quotes omitted). Accordingly, *Bivens* is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal,* 556 U.S. at 675-75 (internal quotation omitted).

3

### C. Sufficiency of the Complaint

Finally, Plaintiff fails to state a plausible claim for relief. The United States points out that "Plaintiff's allegations – which generally show that Defendants were doing their jobs in issuing orders and judgments – do not allow the Court to draw a reasonable inference that any of the Defendants are liable for any sort of misconduct." U.S. Br. at 4. The Court agrees. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, however, Plaintiff merely alleges that "Defendants issued orders and judgments," and provides no other factual allegations. *See* Compl. Even drawing all reasonable inferences in favor of Plaintiff, the Court cannot discern a plausible claim under any theory of liability.

### D. Leave to Amend

Because Plaintiff's claims against Defendants stem from acts for which they are absolutely immune, granting leave to amend would be futile. Plaintiff's claims against Defendants therefore are DISMISSED WITHOUT LEAVE TO AMEND. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1249 (9th Cir. 1999) (affirming dismissal of claims without leave to amend where amendment would have been futile in light of Eleventh Amendment immunity).

### III. ORDER

Plaintiff's claims against Defendants are DISMISSED WITHOUT LEAVE TO AMEND. The Clerk is directed to mail a copy of this Order to Plaintiff and close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2020

_____
BETH LABSON FREEMAN
United States District Judge